CHIEF JUSTICE HARDIN
delivered the opinion oe the court.
This is a controversy mainly as to advancements alleged to have been made by John Ginn, deceased, in his life-time to his daughter, Susan K. Brannock, wife of the appellant, D. F. Brannock, and his granddaughter, Mary E. Hamilton, wife of the appellee, W. D. Hamilton, who are his only living descendants and heirs. The amount of the estate for distribution in the hands of the administrators of Ginn having been determined by a settlement of the administrators’ accounts, this suit was brought by Hamilton and wife to recover one half of the balance due from the administrators after charging Mrs. Brannock with one thousand dollars alleged to have been paid to John Rainey by the intestate in payment for one moiety of a tract of land conveyed to Mrs. Brannock by Rainey.
Brannock and wife, in defense of the action, denied that any part of the sum paid to Rainey was an advancement to Mrs. Brannock, but admitted that Ginn paid six hundred dollars to Rainey, and alleged that said D. F. Brannock paid the residue of four hundred dollars; and they moreover alleged that Mrs. Hamilton was chargeable, as for an advancement, with three hundred dollars paid by John Ginn to George W. Savage for the tuition and education of Mrs. *448 Hamilton. As to this alleged advancement the court sustained a demurrer to the answer, and afterward rejected an amended answer more specifically alleging the payment of the three hundred dollars for the tuition of Mrs. Hamilton as a “ portion and settlement in life to her.”
A trial of the case resulted in a judgment for the plaintiff, in which Mrs. Brannock was charged, as an advancement, with six hundred dollars only of the one thousand dollars paid Rainey for land, and Mrs. Hamilton was not charged with the three hundred dollars paid for tuition; and from that judgment Brannock and wife have appealed to this court, and Hamilton and wife have prosecuted a cross-appeal.
The only important question arising on the appeal is, whether the payment of three. hundred dollars for the education of Mrs. Hamilton, without any special charge to her or indication of an intention that it should be treated as an advancement, should nevertheless be held to be an advancement under the 17th section of chapter 30 of the Revised Statutes, which provides that “any real or personal property or money given or devised by a parent or grandparent to a descendant shall be charged to the descendant, or those claiming through him, in the division and distribution of the undevised estate of the parent or grandparent; and such party shall'receive nothing further therefrom until the other descendants are made proportionately equal with him, according to his descendible and distributable share of the whole estate, real and personal, devised and undevised. The advancement shall be estimated according to the value of the property when given. The maintaining or educating or the giving of money to a child or grandchild, without any view to a portion or settlement in life, shall not be deemed an advancement.”
The meaning of the last recited paragraph of the statute can not well be mistaken. It certainly imports that no charge for an advancement shall be raised against a distributee for *449 money furnished to him or paid for his education by the parent in the ordinary discharge of the natural duty of the latter to provide for his child’s comfort and education.
As we construe the allegations of the answer as to the payment to Savage, and those of the amended answer, which was offered and rejected, they amount to no more than the charge that Ginn paid Savage three hundred dollars on account of the education of his granddaughter, with the conclusion of law deduced from it, in effect, that such payment constituted an advancement within the meaning of the statute.
There was no error therefore in the action of the court with reference to said payment of three hundred dollars; nor is there, in our opinion, any error in the decision of the court as to the sum for which Mrs. Brannock should be charged as an advancement. We are satisfied from the evidence that so much of the price of the land conveyed by Rainey to Mrs. Brannock as was paid by her father for her was properly chargeable to her as an advancement, but it sufficiently appears that four hundred dollars of the one thousand dollars paid for her were paid by her husband, and not by John Ginn.
Wherefore the judgment is affirmed on the appeal and cross-appeal.